Nash J.
 

 The defendant is indicted for an assault and battery. lie pleaded a former conviction for the same offence. To sustain his plea, he gave in evidence, the record of an indictment against him, in the Court of Pleas and Quarter Sessions of Columbus County, for an assault and battery upon the same person, who is the prosecutor in this case. The record showed a submission on the part of the defendant, and a judgment of the Court. To establish the fact that the assault and battery, for which he was
 
 *35
 
 then tried and punished, was the same for which he is now prosecuted, he called a witness to prove, what a man, by the name of Pearce, wrho was a witness in that case, had sworn to and that it would show the offence to be the same. It was admitted that Pearcp was alive and in the County. This evidence was rejected by the Court. We are not informed upon what ground it was ruled out. If therefore, a wrong reason should be suggested, our excuse must be, the want of such information. We presume his Honor, who tried the cause, was led into error, by applying to the testimony the general rule, that the best evidence the nature of the case admits is always required. Such is the general rule and the reason upon which it is founded will show its improper application here. The law does not require the strongest possible of the fact in controversy, but that no evidence shall be admitted, which, from the nature of the thing, supposes still greater evidence to be in the parties’ power to produce; for the reason that it carries with it a presumption, contrary to the intention, for which it is produced. For it is a natural conclusion, that a man will not rely on secondary evidence, having at his command that which is primary, if the latter will serve his purpose. In this case the evidence excluded was not secondary, but primary, of the same grade as that which could have been given by Pearce, the witness on the original trial. The general rule does not exclude evidence, merely because it is not all that might be produced, or the most satisfactory. The best application of this rule', that I have met with, is furnished by a decision of this Court in the case of
 
 Governor
 
 v.
 
 Roberts,
 
 2nd Hawk 26. The Secretary of State was called as a witness to produce certain papers belonging to the office of the Comptroller. The latter was absent on a journey, and before he left, deposited the key of his office with the Secretary, requesting him to attend to his office while he was absent, and answer any calls. The Comptroller had
 
 *36
 
 not been summoned, and the Secretary testified that he attended, as his agent or on his behalf, with the papers. It was held that although the testimony of the Comptroller would be more satisfactory than that of the Secretary, yet both being oral, were of the same grade, and therefore the testimony offered was competent. The enquiry here was not whether the testimony of Pearce would be more satisfactory to the jury than that of the witness tendered, but whether that of the latter was of an inferior grade. As in Roberts’ case, the testimony from either witness was oral and of the same grade and his Honor erred in rejecting the witness offered. 3d Stark. Ev. 391.
 
 Liebman
 
 v.
 
 Pool,
 
 1st Stark. Rep. 467.
 

 Per Curiam Judgment is reversed and
 
 venire do novo
 
 ordered.